IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| United States of America, | Crim. No. 4:12-cr-00520 |
| v. | **Order** |
| Ellison Lakell Cooper | |

This matter is before the Court on Defendant Ellison Lakell Cooper's pro se motion for a sentence reduction under the compassionate release statute, 18 U.S.C. § 3582(c)(1)(A)(i). ECF No. 144. For the reasons set forth below, Defendant's motion is denied.

## BACKGROUND

On January 9, 2013, Defendant pled guilty to two counts of a seven-count indictment. ECF Nos. 56, 57, 59. He pled guilty to Count 3, Hobbs Act Robbery, and Count 5, Brandishing a Firearm During and in Relation to a Crime of Violence. *Id.* Defendant's plea agreement included a stipulated sentence of 25 years of imprisonment pursuant to Rule 11(c)(1)(C). ECF No. 56 at ¶ 15. The Court accepted the plea agreement and imposed the parties' agreed upon sentence of 300 months imprisonment. EF Nos. 57, 68. BOP records reflect that his projected release date is May 29, 2032.

## APPLICABLE LAW

Absent certain exceptions, a court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). One of those exceptions is the compassionate release statute. That statute provides, in relevant part, as follows:

1

> [T]he court, . . . upon motion of the defendant . . . , may reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a) . . . , if it finds that—(i) extraordinary and compelling reasons warrant such a reduction; . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

18 U.S.C. § 3582(c)(1)(A). "A defendant who seeks compassionate release under § 3582(c)(1)(A)(i) has the burden of establishing that such relief is warranted." *United States v. Edwards*, 451 F. Supp. 3d 562, 565 (W.D. Va. 2020).

The Sentencing Commission has issued a policy statement addressing compassionate release motions—§ 1B1.13. But prior to the passage of the First Step Act, compassionate release motions could only be filed by the BOP, so § 1B1.13 by its terms only applies to BOP motions. *See United States v. McCoy*, 981 F.3d 271, 275–76 (4th Cir. 2020) (explaining the First Step Act's changes to the compassionate release statute). There is no corresponding policy statement addressing compassionate release motions filed by inmates. Thus, in *McCoy*, the Fourth Circuit held that, when considering an inmate's compassionate release motion, § 1B1.13 is not an "applicable policy statement[]." *Id.* at 284. But while § 1B1.13 may not directly apply to an inmate's motion, "it remains helpful guidance." *Id.* at 282 n. 7.

While § 1B1.13 may provide guidance, it is not an "applicable policy statement[]," so "district courts are 'empowered . . . to consider *any* extraordinary and compelling reason for release that a defendant might raise.'" *McCoy*, 981 F.3d at 284 (quoting *United States v. Zullo*, 976 F.3d 228, 230 (2d. Cir. 2020)) (emphasis in original); *see also United States v. Kibble*, 992 F.3d 326 (4th Cir. 2021). Ultimately, the determination of whether a case presents extraordinary and compelling reasons

warranting a sentence reduction is a question reserved to the sound discretion of the district court.

## DISCUSSION

In Defendant's motion, he states that a sentence reduction is appropriate due to the impact of COVID-19 at his facility, and his health conditions. ECF No. 144 at 6-8, 20. Specifically, Defendant states that he "suffers from upper stomach pains after playing sports and drinking water" and his brothers suffer from asthma and high blood sugar. *Id.* at 8, 20. He asserts that these circumstances make him more likely to experience complications if he were to contract COVID-19. *Id.* In his reply to the government's response to his motion for early release, the Defendant also argues that he was improperly sentenced as a career offender. ECF No. 158 at 2-3. He asserts that his 2007 conviction for Possession with Intent to Distribute Marijuana should not be a predicate offense because he pled guilty to a lesser included offense. *Id.* Defendant's motion also includes a proposed release plan and asserts that the § 3553(a) factors weigh in favor of release. *Id*. At 22-25.

The Government opposes his motion, arguing that "Defendant has failed to present any 'extraordinary and compelling reasons' warranting a sentence reduction" and that "the § 3553(a) factors strongly disfavor a sentence reduction." ECF No. 157 at 9-13. The Government states that "there is no basis to conclude that the conditions asserted by the Defendant make him any more susceptible to COVID-19." *Id.* at 2. As to the § 3553(a) factors, the Government cites the serious and violent nature of Defendant's instant offense and outlines his extensive criminal history. *Id.* at 13.

3

In considering whether to reduce Defendant's sentence, the Court has carefully reviewed the Presentence Investigation Report (PSR) and has considered the statutory penalties, the Guidelines range, applicable caselaw and statutory law, all of the § 3553(a) factors, and his post-sentencing conduct.[1] In light of those considerations, the Court concludes that Defendant has not shown that "extraordinary and compelling reasons" warrant a reduction or that the § 3553(a) factors weigh in favor of release. The Court's reasons for reaching this conclusion include (1) the instant offense conviction for Hobbs Act Robbery, a violent crime, and brandishing a firearm in relation to a crime of violence, (2) Defendant's lack of medical conditions and medical records, (3) his plea agreement in which the Defendant agreed to a stipulated sentence, and (4) his extensive criminal history.

As to the "extraordinary and compelling reason" standard, the Court has considered all of the circumstances and arguments raised by Defendant and concludes that he has not established an "extraordinary and compelling reason" that warrants a sentence reduction. Defendant cites the impact of COVID-19 on BOP facilities and the inmates in ability to socially distance. ECF No. 144 at 6. He argues that COVID-19, the resulting impact on BOP facilities, and his health conditions

---

[1] The Court has considered in its analysis all of the issues raised in Defendant's filings, including (1) the impact of COVID-19 at his facility; (2) the way that the BOP is managing the pandemic at its facilities; (3) his asserted medical conditions in light of COVID-19; (4) his career offender status; (5) his rehabilitative efforts while incarcerated including his participation in educational and programming courses; and (6) his proposed release plan including living arrangements, employment opportunities, and familial support.

amount to an "extraordinary and compelling reason" that warrants release. *Id.* Specifically, Defendant states that he personally suffers from the following medical condition: "upper stomach pains after playing sports and drinking water." *Id.* at 8. He then states that one of his brothers suffers from asthma, while his other brother suffers from high blood sugar. *Id.* at 20. First, as to Defendant's personal condition, he has not provided any medical records or additional detail as to the cause of his stomach pains after exercise when playing sports or drinking water. There is no indication that his occasional stomach pains are caused by a serious medical condition that makes him more susceptible to complications from COVID-19. Second, the Court concludes that Defendant's brothers' medical conditions are not "extraordinary and compelling" as there is no indication that Defendant suffers from the same conditions or that the brother's condition is a persuasive reason for relief. Therefore, the Court concludes that Defendant's alleged medical conditions do not present "extraordinary and compelling" circumstances that warrant a reduction in sentence.[2]

As stated above, Defendant also argues in his reply that the conviction in Paragraph 41, possession with intent to distribute marijuana, should not have counted as a career offender predicate because he ultimately pled guilty to a lesser included offense that would not have qualified as a predicate. ECF No. 158. He argues that without that conviction as a predicate, he would not have been a career offender.

---

[2] The Court also notes, as stated in the Government's brief, that the BOP began administering COVID-19 vaccines to inmates and staff in January 2021. According to BOP records, approximately 205,270 doses have been administered as of August 2, 2021. Specifically, Herlong FCI (Defendant's facility) has fully inoculated 122 staff members and 662 inmates.

*Id.* The Court has carefully reviewed Defendant's supplemental filing, ECF No. 158, the state court judgment attached thereto, *Id.* at 5, Paragraph 41 of the PSR, and the Defendant's case history. In light of that review, the Court concludes there is no basis for relief on this position as the PSR lists a conviction in Paragraph 41 for possession with intent to distribute marijuana. The Defendant did not challenge this conviction as a predicate when he was sentenced in federal court. Moreover, the resubmitted "sentence sheet" reflects the Defendant pled to "PWID marijuana 1st." While the form shows it was a "lesser included offense," the conviction only states it was for "PWID marijuana 1st," not a possessory offense. Again, there was no challenge to this conviction as a proper predicate for career offender status when the Defendant was sentenced in federal court. The Court concludes the conviction was for "PWID marijuana 1st" and was properly counted as a predicate for career offender status.

The Court additionally concludes that Defendant's instant convictions did not solely control his sentence imposed because the Court imposed the parties' stipulated sentence based on the agreement set fourth in the plea agreement pursuant to Rule 11. ECF No. 56 at ¶ 15. The parties reached agreement on the 25-year sentence in January 2013 when the plea agreement was signed and finalized, "both parties agree that the appropriate disposition of this case…is a sentence of 25 years actual incarceration." *Id.* at 8-9. The PSR includes Defendant's prior convictions. He was designated under the guidelines as a career offender in April 2013. ECF No. 66. In sum, Defendant's sentence was not dictated by his career offender status. It was based on the parties' 11 (c) (1) (C) plea agreement, the stipulated sentence of 25 years

with consideration given to the federal convictions and the Defendant's prior record, and ultimately the Court's acceptance of that agreement. Therefore, Defendant has failed to establish that an "extraordinary and compelling reason" warrants a reduction in sentence.

Even if Defendant had established an "extraordinary and compelling reason," the Court concludes that his motion would still be denied based on its analysis and balancing of the § 3553(a) factors. The Court has balanced those factors in light of the compassionate release issues not in play at the original sentencing. *Kibble* at 335 (Gregory, C.J., concurring). In conjunction with the § 3553(a) factors, it is appropriate to highlight the facts of the instant offense and Defendant's criminal history. The government notes the Defendant "committed multiple armed robberies at gunpoint, all while being prohibited from ever possessing a firearm or ammunition." As to the offense conduct, Defendant was convicted of serious and violent offenses—Hobbs Act Robbery and Brandishing a Firearm in Furtherance of a Crime of Violence in violation of § 924(c). On September 18, 2010, Defendant robbed a convenience store in Sumter, South Carolina. PSR ¶ 15. During the robbery, he "pointed a handgun at the victim's chest while demanding all of the money out of the register." *Id.* He stole approximately $470 before fleeing on foot. *Id.* This was clearly a violent crime committed by the Defendant while armed with a handgun. After the Court's review of the offense conduct, the Court concludes the "nature and circumstances of the offense" weigh against release.

Prior to committing the instant offense, Defendant had a lengthy and extensive

7

criminal history that first includes a prior robbery conviction in 2006. The Defendant used force or intimidation to take "$40 and a wallet" from the victim John Gamble. PSR ¶ 40. The additional prior convictions include: (1) possession of cocaine (2005) (probation modified and extended for eight violations); (3) possession with intent to distribute marijuana (2007) (sentenced to 3 years suspended for time served and 2 years probation; (4) and criminal domestic violence (2010) (verbally and physically assaulted the victim by "grabbing her hair and dragging her around the residence" and subsequently chasing her "through the neighborhood.") PSR ¶¶ 38, 40, 41, 44. Notably, the Defendant also was not deterred from committing the violent conduct that led to federal charges on the instant offense while "under a criminal justice sentence for probation." PSR ¶ 46. Defendant's criminal history demonstrates his disrespect for the law, his disregard for the safety of others, and his propensity to engage in criminal conduct. In light of his prior convictions and noncompliance with probation, the Court concludes that the "history and characteristics of the defendant" also weigh against release.

In summary, the offender committed violent offenses that led to federal charges. He had a prior robbery conviction on his record. The Defendant poses a significant risk to the public if released or if his sentenced is reduced. Additionally, the Defendant was a career offender.

As to §§ 3553(a)(3)-(4)—the kinds of sentences available and the sentencing range established for the offense—the Court notes that it imposed the sentence agreed to by the parties. Paragraph 15 of the plea agreement, ECN No. 56, states that

"both parties agree that the appropriate disposition of this case…is a sentence of 25 years actual incarceration." The Court imposed the stipulated sentence as it was appropriate and necessary to reflect the seriousness of the offense, to afford adequate deterrence, and to protect the public from further crimes of the Defendant. See § 3553(a)(2)(A)-(D). Therefore, the Court concludes that these factors also weigh against release.

The Court acknowledges Defendant's proposed release plan, and his rehabilitative efforts while incarcerated, but those factors do not warrant a reduction in light of the factors outlined above. Defendant has served approximately 110 months of his sentence, or approximately 37 percent. The Court's §§ 3553(a) analysis concludes that release is not warranted, and Defendant must serve the remainder of the sentence imposed.

Because Defendant failed to establish an "extraordinary and compelling reason" warranting a reduction, and in light of the seriousness of the instant offense, the Court concludes that a reduction in sentence is not appropriate. Accordingly, his compassionate release motion, ECF No. 144, is **DENIED**. [3] [4]

---

[3] To the extent he seeks an order directing the BOP to grant him an early release to home confinement pursuant to the CARES Act, Pub. L. No. 116-136, § 12003(b)(2), 134 Stat. 281, 516 (2020), the Court does not have discretion to issue such an order. *See, e.g.*, *United States v. Hendrix*, No. 1:10-cr-00067-MR-WCM-2, 2020 WL 2319698, at *1 (W.D.N.C. May 11, 2020) ("The discretion to release a prisoner to home confinement lies solely with the Attorney General. The legislation recently passed by Congress to address the COVID-19 pandemic does not alter this." (citations omitted)).

[4] The Court has given careful and full consideration to the Fourth Circuit's recent per curiam opinion in *United States v. Kibble*, 992 F.3d 326 (4th Cir. 2021), including the concurring opinions, and has applied those standards in considering this motion. It

IT IS SO ORDERED.

                                                                                     <u>*s/ Terry L. Wooten*</u>
                                                                                     Terry L. Wooten
                                                                                     Senior United States District Judge

October 6, 2021
Columbia, South Carolina

---

has also reviewed the Fourth Circuit's recent decision in *United States v. High*, 2021 WL 1823280 (4th Cir. May 7, 2021) and has similarly applied those standards.