IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Ellison Lakell Cooper, | Crim. No. 4:12-cr-00520-TLW-1 |
| PETITIONER | C/A No. 4:16-cv-02418-TLW |
| v. | |
| United States of America, | **ORDER** |
| RESPONDENT | |

This matter comes before the Court on Petitioner Ellison Lakell Cooper's *pro se* petition to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. ECF Nos. 103, 113, 185 & 187. For the reasons stated below, the Court denies his petition and dismisses this action.[1]

## BACKGROUND

On June 26, 2012, Cooper was named as the sole defendant in a seven-count Indictment arising out of his participation in three armed robberies of commercial businesses in Williamsburg County, South Carolina. ECF No. 17.  On January 9, 2013, Cooper pled guilty pursuant to a plea agreement with the Government to Counts 3 and 5 of the Indictment. ECF No. 56. Count 3 charged Cooper with committing Hobbs Act robbery, in violation of 18 U.S.C. § 1951(a), whereas Count 5 charged Cooper with using a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c) ECF No. 17. Cooper's plea agreement was entered into pursuant to Rule 11(c)(1)(C) of

---

[1] The Court has also considered the other motions filed by Cooper related to the instant § 2255 petition. *See* ECF Nos. 166, 167, 168, 169, 186 & 194. The Court has carefully considered the arguments raised in those motions herein and notes that they have no impact on the substantive analysis outlined in this order. Given the order's dismissal of this habeas action, they are denied as moot.

the Federal Rules of Criminal Procedure. ECF No. 56. The plea agreement called for a stipulated sentence of 300 months or 25 years. *Id.* On April 26, 2013, the Court accepted the plea agreement and imposed the stipulated sentence of 300 months incarceration, consisting of 216 months on Count 3 and 84 months on Count 5, said sentences to run consecutively. *Id.*; ECF No. 68. Cooper appealed to the United States Court of Appeals for the Fourth Circuit, which affirmed his conviction and sentence. ECF No. 98.

## I.    FACTUAL BACKGROUND

Given that Cooper's petition centers around his claims of ineffective assistance of counsel, the Court finds it necessary to discuss the relevant factual background of this case before turning to the relevant procedural background of giving rise to Cooper's present habeas action.

### A.    The Offense Conduct and Indictment

In 2010, Cooper committed three violent armed robberies of commercial businesses in the Pee Dee region of South Carolina. *See* Presentence Investigation Report ("PSR"), ECF No. 66, ¶¶ 11–22. During each robbery, he brandished a firearm and threatened victims with physical harm. *Id.* After the third armed robbery, Cooper was tracked down by the Sumter County Sherriff's Office's dog team and apprehended. *Id.* ¶ 16. During his apprehension, Officers located the sweatshirt Cooper wore while committing the third armed robbery, which he had discarded during his escape. *Id.* Inside the sleeve, they discovered a Hi-Point .40 caliber pistol containing a clip with nine .40 caliber rounds of ammunition. *Id.*

After initially being arrested on a criminal complaint on March 31, 2012, Cooper

was named as the sole defendant in a seven-count Indictment on April 26, 2012. ECF Nos. 1, 5 & 16. Counts 1, 3, and 6 charged cooper with Hobbs Act robbery in violation of 18 U.S.C. § 1951(a). ECF No. 16. Counts 2, 5, and 7 charged Cooper with using, carrying and possession of a firearm during and in relation to and in furtherance of a crime of violence, each with a brandishing enhancement, in violation of 18 U.S.C. § 924(c)(1)(A). *Id.* Lastly, Count 4 charged him with one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). *Id.*

**B.**    <u>Cooper's Guilty Plea and Change of Plea Hearing</u>

On January 9, 2013, Cooper pled guilty to Counts 3 and 5 of the indictment pursuant to a written plea agreement. ECF No. 59. In exchange for Cooper's plea, the Government agreed to drop two counts charging him with the violent offenses of Hobbs Act robbery, two counts charging him with additional § 924(c) violations, and one count charging him with being a felon in possession of a firearm. *Id.* As noted, Cooper's plea agreement was made pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure and called for a stipulated sentence of 25 years imprisonment. *Id.* The plea agreement also included a cooperation provision, which provided that, should Cooper cooperate to the Government's satisfaction, the Government—at its discretion—could move for either a downward departure under Rule 35 of the Federal Rules of Criminal Procedure or for a sentence reduction pursuant to U.S.S.G. § 5K1.1. *Id.*

At his guilty plea hearing, the Court conducted an extensive colloquy with Cooper. *See generally* ECF No. 83. First, after the Government outlined the terms of the plea agreement, the Court reviewed the terms with Cooper in order confirm (1) that Cooper understood the terms of the plea agreement, (2) that the agreement represented

the entire agreement Cooper had with the Government, (3) that no other promises had been made or left out of the agreement, (4) that Cooper understood the plea agreement called for a stipulated sentence of 25 years, and (5) that he understood pleading guilty could affect the status of his state probation. *Id.* at 5:2–17:23.

The Court then explained to Cooper that, in light of his guilty plea, the United States Probation Office ("Probation") would prepare a presentence investigation report calculating his applicable sentencing Guidelines. *Id.* at 12:25–19:4. In doing so, the Court noted, depending on the Guidelines calculations in the PSR and because of the nature of Cooper's 11(c)(1)(C) plea, the Court could end up imposing a sentence higher than the sentence called for under the Guidelines set forth in the PSR. *Id.* Cooper confirmed that he was aware of this possibility and stated he understood the Court would consider all relevant conduct at sentencing, regardless of whether it was formally charged by the Government or whether the conduct fell under the two counts to which he was pleading. *Id.* at 19:6–20:15.

Following this explanation, the Court reviewed the terms of the plea agreement's cooperation provision with Cooper. *Id.* at 21:8–18. In doing so, the Court noted that any motion seeking a reduction in Cooper's sentence based on his cooperation was left solely to the discretion of the Government. *Id.* Finally, the Court advised Cooper of (1) his right to plead not guilty, (2) his right to a jury trial, and (3) that, by pleading guilty, he was consenting to a binding judgment of conviction and giving up his right to a trial. *Id.* at 22:7–23:22. Cooper acknowledged these rights, stated he wished to plead guilty, and affirmed that he was doing so based on his own free will. *Id.*

After conducting this extensive colloquy with Cooper, the Court next reviewed

the charges, elements, and penalties of Counts 3 and 5 with Cooper. *Id.* at 23:23–32:20. This was followed by a proffer from the Government, via an agent of the Federal Bureau of Investigation, of the facts supporting the Counts 3 and 5 of the Indictment. *Id.* at 32:23–35:4. Cooper stated that he had no objections to the Government's proffer and affirmed that he was in fact guilty of the conduct underlying Counts 3 and 5 of the Indictment. *Id.* at 35:8–37:14. Satisfied with Cooper's statements, the Court accepted Cooper's guilty plea. *Id.* at 38:2–6.

### C.     Cooper's Sentencing and Sentencing Hearing.

Cooper's sentencing hearing was held on April 17, 2013. ECF No. ECF No. 84. In advance of the hearing, Probation prepared Cooper's PSR. ECF No. 66. In the PSR, Probation concluded that Cooper was a career offender because (1) he was over the age of 18 when he committed the instant offense conduct, (2) the convictions he was pleading to constituted "crimes of violence" for career offender purposes, and (3) he had two valid career offender predicates, specifically a 2006 conviction for strong armed robbery and a 2007 conviction for possession with intent to distribute ("PWID") marijuana. *Id.* ¶¶ 40, 41 & 48. Based on his career offender status, Probation calculated Cooper's Guideline range to be 262 to 327 months imprisonment. *Id.* ¶ 67.

At the start of Cooper's sentencing hearing, the Court first addressed concerns Cooper had with his appointed counsel, Mr. James P. Rogers. ECF No. 84 at 2:16–18:10. Specifically, *after* pleading guilty, Cooper requested that the Court substitute his counsel. *Id.* The Court reviewed the applicable caselaw and the history of Mr. Rogers' representation of Cooper in conjunction with Cooper's statements at his plea hearing

that he was fully satisfied with Mr. Rogers' representation. *Id.* In doing so, the Court found that there was no basis for substituting counsel. *Id.*

The Court then proceeded to discussing the PSR and inquired if Cooper had sufficient time to review the PSR. *Id.* at 21:14–21. Cooper stated that he did. *Id.* The Court next asked if Cooper had any objections to the PSR. *Id.* 21:22–23. Mr. Rogers stated that there were no substantive objections but indicated that there were some factual errors in the PSR which Cooper requested he raise.[2] *Id.* at 21:24–22:3. Taking these up, the Court informed Cooper that, because the purported factual errors did not affect the sentence in his case, it was not obligated to address them. *Id.* at 22:4–8. Even so, the Court reviewed these errors in detail and found that they did not affect Cooper's Guidelines. *Id.* at 23:9–23.

After making this finding, the Court inquired if Cooper had any more objections to the PSR. *Id.* at 24:1–2. Cooper stated that he wanted to object to his career offender status. *Id.* at 24:5–6. Specifically, he asserted that his previous conviction for strong arm robbery was for a "non-violent offense." *Id.* at 24:7–11. To clarify, Cooper did not assert that this offense was legally a non-violent offense but that it was factually a non-violent offense in his case. The Court found this objection unpersuasive, given the fact that Cooper pled guilty to strong armed robbery, thus admitting he committed the offense. *Id.* at 24:18–25:12.

Cooper's next objected to the PSR's assignment of one criminal history point for his prior conviction for criminal domestic violence. *Id.* at 26:2–4. Cooper asserted that

---

[2] These errors related to (1) his SCSID number, (2) the correct telephone number for Cooper's aunt, (3) an alleged exclamation made by one of Cooper's victims, (4) the PSR's notation that Cooper was previously fired from a position at a Wendy's restaurant, and (5) what Cooper believed the restitution amount to be. ECF No. 84 at 22:15–23:8.

this conviction should not count because he was not advised of his right to counsel. *Id.* at 26:5–7. After conferring with Probation, the Court found that there was no basis to rule on this objection because it would not impact Cooper's Guidelines. *Id.* at 26:8–17. This was Cooper's final objection to the PSR. *Id.* 26:18–23.

The Court accepted the PSR before reviewing the stipulated sentence of 25 years imprisonment in conjunction with the Guidelines set forth in the PSR. *Id.* at 29:1–16. The Court found that a 25-year sentence fell within Cooper's career offender Guidelines of 262 to 327 months, noting that his Guidelines range was established pursuant to U.S.S.G. §4b1.1(c)(3) in conjunction with his criminal history category of VI. *Id.* at 29:20–30:6. The Government then moved for a one-level reduction or timely notice of intent to plead, and the Court accepted the Government's motion. *Id.* at 30:16–20.

Cooper's counsel, Mr. Rogers, then provided argument as to the 18 U.S.C. § 3553(a) sentencing factors, and the Court heard from Cooper's mother. *Id.* at 31:11–33:7. The Court inquired if Mr. Rogers had any further argument on behalf Cooper. *Id.* at 33:8–10. In response, he stated "We'd simply ask you to follow the 11(c)(1)(C) agreement." *Id.* at 33:11–12. The Court then turned to Cooper and asked if there was anything further he wished to say on his own behalf. *Id.* at 22:12–15. Cooper declined, stating "Mr. Rogers has stated basically everything I wanted him to state." *Id.* at 33:16–17.

The Court proceeded to sentencing Cooper and accepted the parties' stipulated sentence of 25 years. *Id.* at 25:18–36:16. It next reviewed the § 3553(a) sentencing factors in detail, taking each factor into account. *Id.* at 36:16–11. In addressing these factors, the Court noted that the Guidelines that would apply in Cooper's case, but for

his plea to an 11(c)(1)(C) plea agreement, would be within the range of the stipulated sentence agreed to by the parties. *Id.* at 38:12–16. It concluded that "if you look at these factors and you didn't have the stipulation, a sentence in this case would likely still be 25 years." *Id.* at 38:17–19. The Court then sentenced Cooper to 216 months as to Count 3, and 84 months as to Count 5, for a total aggregate sentence of 300 months or 25 years. *Id.* at 43:24–44:12. Finally, the Court set forth the relevant terms and conditions of Cooper's supervised released along with the additional special conditions of supervision. *Id.* at 44:19–45:25.

## II.    PROCEDURAL HISTORY

This habeas action has an extensive procedural history. Cooper originally filed his § 2255 petition on July 8, 2016, after the Fourth Circuit affirmed his conviction and sentence on direct appeal. ECF No. 103. His petition made two arguments: (1) that Cooper is no longer a career offender; and (2) that Hobbs Act robbery is not a valid § 924(c) predicate conviction. ECF No. 103. In a detailed written order, the Court held that his career offender argument was foreclosed by the Supreme Court of the United States' decision in *Beckles v. United States*, 137 S. Ct. 886 (2017) and the Fourth Circuit's decision in *United States v. Doctor*, 842 F.3d 306 (4th Cir. 2016). ECF No. 123 at 1–2. In so holding, the Court denied and dismissed Cooper's petition. *Id.* at 3.

Cooper appealed the Court's denial of his § 2255 petition to the Fourth Circuit. ECF No. 126. In reviewing the record below, the Fourth Circuit noted that, prior to the Court's order denying Cooper's § 2255, Cooper had filed an additional memorandum in support of his petition, which raised an additional ineffective assistance of counsel claim. *Id.* However, Cooper's supplemental memorandum was docketed as "additional

documents" and not explicitly addressed by the Court in its order denying his § 2255 petition. *Id.* Accordingly, the Fourth Circuit concluded that it lacked jurisdiction to consider Cooper's appeal and remanded this matter back to this Court for consideration of Cooper's ineffective assistance of counsel claim. *Id.*

In his supplemental memorandum, Cooper asserts that he received ineffective assistance of counsel because his counsel failed to argue that Cooper's prior South Carolina drug convictions were not predicate offenses within the meaning of the Sentencing Guidelines' career offender definition, § 4B1.1.ECF No. 113 at 6–8. Following the Fourth Circuit's remand, the Court directed the Government to respond to Cooper's ineffective assistance of counsel claims. ECF No. 182.

Before the Government filed its opposition, Cooper filed a second supplemental memorandum identifying a second claim of ineffective assistance of counsel. ECF No. 185. This claim is premised on the argument that Cooper's counsel was ineffective for failing to object to "the government's breach of the plea agreement." *Id.*

Cooper next filed an "Affidavit Under Penalty of Perjury," which identified a third claim of ineffective assistance of counsel. ECF No. 187–1. This claim is based on Cooper's assertion that his counsel was ineffective in failing to lodge an objection to the Court's purported "failure to pronounce orally the thirteen discretionary standard conditions imposed on Petitioner's supervised release." *Id.*

The Government subsequently filed its response in opposition and its present motion for summary judgment, which address both of Cooper's supplemental memorandums and his affidavit. ECF No. 191. In its motion for summary judgment, the Government asserts that Cooper's ineffective assistance of counsel claims are

barred by the applicable statute of limitations, § 2255(f). *Id.* at 1. Additionally, the Government argues that, even if the Court equitably tolls the statute of limitations, Cooper has failed to state a claim for which relief can be granted. *Id.*

On April 26, 2023, Cooper filed a motion to withdraw his § 2255 petition. ECF No. 195. In this motion, he requested that the Court allow him "to withdraw his pending § 2255. ECF No. 103." *Id.* The only basis for withdrawal stated in his motion, was "to prevent wasting the Court's time." *Id.* However, the motion further stated that Cooper does "not [] waive any grounds that were previously supplemented." *Id.*

In adjudicating Cooper's motion to withdraw his § 2255 petition, the Court took judicial notice of Cooper's filing in the Fourth Circuit of an application made pursuant to 28 U.S.C. § 2244, which requested authorization to file a successive § 2255 petition. *See In re: Ellison Cooper*, No. 23–211 (4th Cir. June 29, 2023), ECF No. 1. In this application, Cooper noted that his "first petition," *i.e.*, the instant petition, sought relief based on the arguments that (1) "Hobbs Act robbery was not a predicate offense of a crime of violence under 924(c)," (2) "that South Carolina Strong Arm robbery was not a career offender predicate," and (3) "ineffective assistance of Counsel . . . etc." *Id.* at 3. Under the application's section discussing the result of his first proceeding, Cooper stated: "The First two grounds were denied on the merits. Then I filed a COA that was mandated for failure to meet [sic] deadline, but I recalled the mandate and it was remanded to District Court. I then withdrew the motion." *Id.* Under the application's section asking the date of the Court's decision regarding the withdrawal of his petition, Cooper stated, "unknown at this time." *Id.* As for the new basis for habeas relief asserted in his § 2244 application, Cooper requested permission to file a successive

petition based on *United States v. Taylor*, 142 S. Ct. 2015 (2022), wherein the Supreme Court held that *attempted* Hobbs Act robbery no longer qualifies as a "crime of violence" under 18 U.S.C. § 924(c)(3)(A).

The Court issued an order on July 6, 2023, denying Cooper's motion to withdraw his § 2255 petition. ECF No. 197. In its order, the Court noted that, contrary to the assertion in his § 2244 application, Cooper's motion has not been withdrawn and is in fact pending before the Court. *Id.* The order further noted that it appeared that Cooper wished to raise additional grounds for habeas relief. *Id.* Hence, it allowed him 60 days to amend his § 2255 petition. *Id.* The order concluded by stating that, should Cooper not amend his petition, the Court would proceed to adjudicating his remaining ineffective assistance of counsel claims on the merits. *Id.*

The deadline for Cooper to amend his petition expired on September 4, 2023. Cooper has not moved to amend his petition and instead has filed a *pro se* motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). ECF No. 200. That motion will be addressed by separate order of the Court.

Having set forth the relevant factual and procedural history, this matter is ripe for review, adjudication, and disposition.

## LEGAL STANDARD

### I.    28 U.S.C. § 2255

Title 28, Section 2255 of the United States Code provides that a prisoner in custody under sentence of a federal court may petition in the court that imposed the sentence to vacate, set aside, or correct the sentence. A petitioner is entitled to relief under § 2255 if he proves by a preponderance of the evidence one of the following: (1)

that the sentence was imposed in violation of the Constitution or laws of the United States; (2) that the court was without jurisdiction to impose such sentence; (3) that the sentence exceeded the maximum authorized by law; or (4) that the sentence is otherwise subject to collateral attack. *See* 28 U.S.C. § 2255(a); *Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958) (per curiam). "The scope of review of non-constitutional error is more limited than that of constitutional error; a non-constitutional error does not provide a basis for collateral attack unless it involves 'a fundamental defect which inherently results in a complete miscarriage of justice,' or is 'inconsistent with the rudimentary demands of fair procedure.'" *Leano v. United States*, 334 F. Supp. 2d 885, 890 (D.S.C. 2004) (quoting *United States v. Mikalajunas*, 186 F.3d 490, 495–96 (4th Cir. 1999)).

In deciding a § 2255 petition, a court need not hold a hearing if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). The Court has thoroughly reviewed the motions, files, and records in this case, liberally construing Petitioner's filings, and finds that no hearing is necessary.

## II.    SUMMARY JUDGMENT

To prevail on a motion for summary judgment, the movant must demonstrate both that there is no genuine issue of any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The party seeking summary judgment has the burden of identifying the portions of the "pleadings, depositions, answers to interrogatories, any admissions on file, together with the affidavits, if any, which show there is no genuine issue as to any material fact that the moving party is

entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The Court will construe all inferences and ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962). The existence of a mere scintilla of evidence in support of the non-moving party's position is insufficient to withstand a motion for summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). However, an issue of material fact is genuine if the evidence is such that a reasonable jury could return a verdict in favor of the non-movant. *Id.* at 257.

"When the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). "In the language of the Rule, the nonmoving party must come forward with 'specific facts showing that there is a genuine issue for trial.'" *Id.* at 587. "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Id.* (quoting *First Nat'l Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253, 289 (1968)).

## DISCUSSION

On the face of his original § 2255 petition, Cooper asserted that he was entitled to relief because (1) he is no longer a career offender, and (2) that Hobbs Act robbery is no longer a valid predicate for his § 924(c) conviction. ECF No. 103. The Court's April 17, 2019 order concluded that neither of these arguments established a basis for relief. ECF No. 123. As noted, Cooper appealed the Court's order denying his petition, and the Fourth Circuit remanded this matter for consideration of his claims of ineffective

assistance of counsel. ECF No. 146. On remand, Cooper has not challenged the Court's conclusions in its prior order. Instead, he further advances his claim of ineffective assistance of counsel. Accordingly, on remand, the Court incorporates its prior order regarding Cooper's claims that he is no longer a career offender, and that Hobbs Act robbery is no longer a valid § 924(c) predicate. That order reads as follows:

> As to [Cooper]'s career offender argument, the Supreme Court has now foreclosed that argument, having held that "the advisory Sentencing Guidelines are not subject to a vagueness challenge under the Due Process Clause and that § 4B1.2(a)'s residual clause is not void for vagueness." *Beckles v. United States*, 137 S. Ct. 886, 895 (2017); *see also United States v. Foote*, 784 F.3d 931, 936 (4th Cir. 2015) (concluding that an erroneous application of the Sentencing Guidelines, including a career offender designation, is not cognizable on collateral review pursuant to § 2255).

> As to the Hobbs Act robbery argument, [Cooper] makes two arguments why it is not a § 924(c) predicate crime of violence: (1) that Hobbs Act robbery does not qualify categorically under § 924(c)'s force clause in light of *United States v. Torres-Miguel*, 701 F.3d 165 (4th Cir. 2012) and related cases; and (2) that § 924(c)'s residual clause is unconstitutionally vague in light of *Johnson v. United States*, 135 S. Ct. 2551 (2015).

> [Cooper]'s argument as to the force clause is not persuasive. Every circuit court that has addressed the issue has concluded that substantive Hobbs Act robbery is a valid § 924(c) predicate under the force clause. *See United States v. Garcia-Ortiz*, 904 F.3d 102, 109 (1st Cir. 2018); *United States v. Melgar-Cabrera*, 892 F.3d 1053, 1064–65 (10th Cir. 2018); *United States v. Hill*, 890 F.3d 51, 60 (2d Cir. 2018); *United States v. Gooch*, 850 F.3d 285, 292 (6th Cir. 2017); *United States v. Rivera*, 847 F.3d 847, 848–49 (7th Cir. 2017); *United States v. Buck*, 847 F.3d 267, 274–75 (5th Cir. 2017); *United States v. Howard*, 650 F. App'x 466, 468 (9th Cir. 2016); *In re Saint Fleur*, 824 F.3d 1337, 1340–41 (11th Cir. 2016); *United States v. House*, 825 F.3d 381, 387 (8th Cir. 2016). There is no basis to conclude that the Fourth Circuit would rule contrary to its sister circuits.[3]

> The analysis in the above cases applies here and is persuasive.

---

[3] The Court notes that the Fourth Circuit has since joined its sister circuits and ruled that a § 924(c) conviction based on Hobbs Act robbery qualifies as a crime of violence. *United States v. Mathis*, 932 F.3d 242 (4th Cir. 2019).

Accordingly, the Court embraces that authority and concludes that Hobbs Act robbery qualifies as a § 924(c) predicate under the force clause. *See also Stokeling v. United States*, 139 S. Ct. 544, 551, 554 (2019) (concluding that a robbery conviction is a violent felony under the ACCA's force clause as long as the conviction categorically required force sufficient to overcome a victim's resistance, however slight the resistance); *United States v. Evans*, 848 F.3d 242, 247–48 (4th Cir. 2017) (concluding that carjacking under 18 U.S.C. § 2119 is a crime of violence under § 924(c)(3)(A)); *United States v. McNeal*, 818 F.3d 141, 153 (4th Cir. 2016) (concluding that bank robbery under 18 U.S.C. § 2113(a) is a crime of violence under § 924(c)(3)(A)).

Because the Guidelines are not subject to a vagueness challenge and because Hobbs Act robbery qualifies as a crime of violence under § 924(c)(3)(A), [Cooper]'s petition for relief pursuant to § 2255, ECF No. 103, is DENIED.

ECF No. 123 at 1–4 (original footnotes omitted). Accordingly, what follows is the Court's analysis of Cooper's remaining claims of ineffective assistance of counsel.

Cooper asserts three additional claims of ineffective assistance of counsel in his supplemental filings, which he argues warrant vacating his sentence. Specifically, Cooper argues his counsel was ineffective in (1) failing to argue that his prior South Carolina drug convictions were not predicate offenses within the meaning of the Sentencing Guidelines' career offender definition, § 4B1.1, (2) failing to object to the Government's alleged breach of the parties' plea agreement, and (3) failing to lodge an objection to the Court's purported "failure to pronounce orally the thirteen discretionary standard conditions imposed on Petitioner's supervised release." *See* ECF Nos. 113, 185 & 187. As noted, in response the Government has moved for summary judgment, asserting that Cooper's claims are barred by the statute of limitations, not subject to equitable tolling, and even if tolled, subject to dismissal on the merits. ECF No. 191. Accordingly, the Court will first address the statute of limitations and equitable tolling arguments before analyzing Cooper's claims on the merits.

I.    **COOPER'S CLAIMS ARE BARRED BY THE STATUTE OF LIMITATIONS**

The Government asserts that Cooper's three claims of ineffective assistance of counsel should be dismissed as untimely, since they were filed outside of the relevant statute of limitations. ECF No. 191 at 11. After reviewing the record before it and the parties' arguments, the Court agrees and concludes that Cooper's claims are barred by the statute of limitations and not subject to equitable tolling.

A.    **AEDPA's Statute of Limitations**

Under the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a § 2255 petition must be filed within one year of the latest of the following dates:

(1)    the date on which the judgment of conviction becomes final;

(2)    the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3)    the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4)    the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). Since Cooper's claims are for ineffective assistance of counsel, the relevant triggering date is the date of Cooper's conviction. Hence, unless subject to a statutory exception, Cooper was required to file his application for relief under § 2255 within one year of his conviction becoming final. *See id.*; *see also United States v. Oliver*, 878 F.3d 120, 125 (4th Cir. 2017) ( "[A] final conviction—and only a final conviction—can be collaterally reviewed.").

B.    **The Relevant Dates**

As noted, the Fourth Circuit affirmed Cooper's conviction and sentence on appeal. It issued the mandate for this judgment on April 3, 2014, which triggered the time for Cooper to file a petition for *certiorari* in the United States Supreme Court. ECF No. 99. Cooper did not seek *certiorari*, and his deadline for doing so expired on July 2, 2014. Hence, this is the date his conviction became final under § 2255(f)(1), triggering the running of AEDPA's one-year deadline. Thus, the one-year clock for filing his § 2255 on the three instant claims for ineffective assistance of counsel began to run on July 2, 2014. The deadline expired one year later on expired on July 2, 2015.

C.    **The Court's Analysis**

Cooper's claims of ineffective assistance of counsel were filed outside of the statute of limitations. He did not file the supplement raising his first claim of ineffective assistance of counsel until July 10, 2017—nearly two years after the expiration of the one-year deadline on July 2, 2015. *See* ECF No. 113. Similarly, the filings raising his second and third claims of ineffective of counsel were filed on January 11, 2023, and January 17, 2023, respectively—well passed the statute of limitations. ECF Nos. 185 & 187. Accordingly, the Court concludes that Cooper's claims are untimely because they were filed more than one year after Cooper's conviction became final, and none of the other three potential triggering dates set forth in 2255(f) apply to his case.

Similarly, the Court concludes that Cooper's claims are not subject to equitable tolling. AEDPA's one-year statute of limitations is subject to equitable tolling; however, "any invocation of equity to relieve the strict application of a statute of limitations must

be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes . . . . [A]ny resort to equity must be reserved for those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000) (emphasis added). There are generally two situations where equitable tolling could apply to a § 2255 motion: (1) where the petitioner was prevented from asserting his claim by some kind of wrongful conduct on the part of the Government; or (2) where extraordinary circumstances beyond the petitioner's control made it impossible to file the claim on time. *Id.*

Cooper does not meet either of these two required showings for equitable tolling of the strict one-year statute of limitations for filing a § 2255 motion. First, Cooper does not allege that he was prevented from timely asserting his claims due to Government misconduct. Additionally, there is no evidence in the record that Cooper diligently worked to timely file a § 2255 with regard to his ineffective assistance of counsel claims. As noted, the record reflects that he did not diligently pursue his claims. Again, the supplement raising Cooper's first claim of ineffective assistance of counsel was not filed until nearly two years after the expiration of the one-year deadline, and the, the filings raising his second and third claims of ineffective of counsel were filed almost seven years outside of the the statute of limitations. *See United States v. Cook*, No. 5:18-CR-00033-5, 2022 WL 1750624, at *3 (W.D. Va. May 31, 2022) ("[T]he fact that Cook first sought a motion for extension almost a year after his deadline expired, shows that he was not diligently working on a motion or attempting to work on a motion in the year

he had to file it."). Second, Cooper has not alleged, nor established, extraordinary circumstances beyond his control which made it impossible to timely pursue his ineffective assistance of counsel claims. His ineffective assistance of counsel claims are therefore not subject to equitable tolling and thus remain time barred.

## II.    EVEN ON THEIR MERITS, COOPER'S CLAIMS ARE SUBJECT TO DISMISSAL

As illustrated, Cooper's claims are time barred. Even so, the Court has evaluated Cooper's claims on the merits and concludes that they are subject to dismissal and that the Government is entitled to summary judgment.

Cooper's petition raises three claims of ineffective assistance of counsel. Specifically, he argues his counsel was ineffective in (1) failing to argue that his prior South Carolina drug convictions were not predicate offenses within the meaning of the Sentencing Guidelines' career offender definition, § 4B1.1, (2) failing to object to the Government's alleged breach of the parties' plea agreement, and (3) failing to lodge an objection to the Court's purported "failure to pronounce orally the thirteen discretionary standard conditions imposed on Petitioner's supervised release." ECF Nos. 113, 185 & 187.

Before evaluating Cooper's claims, the Court will set forth the applicable legal standard for establishing a claim of ineffective assistance of counsel. To prevail on an ineffective assistance of counsel claim, Cooper must show (1) that his counsel's acts or omissions fell below an objective standard of reasonableness; and (2) that there is a reasonable probability that, but for his counsel's errors, the result of the proceeding would have been different. *See Strickland v. Washington*, 466 U.S. 668, 687–88, 694 (1984); *Hooper v. Garraghty*, 845 F.2d 471, 475 (4th Cir. 1988). Failure of proof on

either prong ends the matter. *United States v. Roane*, 378 F.3d 382, 404 (4th Cir. 2004). Support of each prong of an ineffective assistance of counsel claim requires the submission of specific facts in support of the claim. *See United States v. Witherspoon*, 231 F.3d 923, 926 (4th Cir. 2000). There is also "a strong presumption that counsel's conduct falls within the wide range of professional assistance." *Strickland*, 466 U.S. at 689. Here, Cooper has the burden of overcoming this presumption. *See id.*

A.  **Claim One: Cooper Claims His Counsel Was Ineffective In Failing To Argue That His Prior South Carolina Drug Convictions Were Not Valid Career Offender Predicate Offenses Under § 4B1.1.**

    i.  **Cooper's Claim**

Cooper's first ineffective assistance of counsel claim asserts that he received constitutionally deficient representation because his counsel failed to challenge his status as a career offender under § 4B1.1 of the Guidelines. ECF No. 113. More specifically, Cooper asserts that his counsel was "ineffective for failing to argue that Petitioner's South Carolina drug prior conviction was not a predicate offense within the meaning of the U.S.S.G § 4B1.1(a) [.]" *Id.* at 113. For relief on this claim, he requests that his sentence be vacated and that he be resentenced without the career offender enhancement. *Id.* at 12.

    ii.  **The Government's Response**

In response, the Government reiterates that Cooper's claim is outside the statute of limitations. ECF No. 191. However, on the merits, the Government requests that the Court deny Cooper's first claim because his sentence was "not based upon the guidelines." *Id.* at 18 (citations omitted). Instead, the Government notes that his sentence was the result of a Rule 11(c)(1)(C) plea agreement, and the stipulated

sentence was not based on Cooper's status as a career offender but rather his desire to avoid multiple "stacked" § 924(c) sentences. *Id.*

### iii.    The Court's Analysis

The Court concludes that Cooper's has not established a claim of ineffective assistance of counsel under the test set forth in *Strickland*. Cooper cannot meet *Strickland's* first prong of showing that his counsel acted unreasonably. However, even if he could, he has not established *Strickland's* second prong that he was prejudiced by his counsel's alleged unreasonableness. The Court will address each prong in turn.

Under *Strickland's* first prong, Cooper is required to establish that his counsel's performance was below the objective standard of reasonableness in failing to challenge his career offender designation. Again, in examining the performance of counsel, there is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance . . . ." *Strickland*, 466 U.S. at 689. Here, Cooper asserts that his counsel acted unreasonably in failing to challenge his status as a career offender and, if he had, Cooper would have received a lower sentence.

The Court finds that there is no persuasive merit to this argument because, as the Government notes, Cooper's sentence was based on a Rule 11(c)(1)(C) plea agreement. A Rule 11(c)(1)(C) plea agreement may stipulate that "a specific sentence or sentencing range is the appropriate disposition of the case, or that a particular provision of the Sentencing Guidelines, or policy statement, or sentencing factor does or does not apply[.]" Fed. R. Crim. P. 11(c)(1)(C). "[S]uch a recommendation or request binds the court once the court accepts the plea agreement." *Id.* The Fourth Circuit has consistently held that where a sentence is imposed pursuant to a Rule 11(c)(1)(C) plea

agreement, the sentence is contractual and not based on the Guidelines. *United States v. Williams*, 811 F.3d 621, 623 (4th Cir. 2016); *United States v. Febrez*, 391 Fed. Appx. 329 (4th Cir. 2010); *United States v. Bethea*, 369 Fed.Appx. 485, 486 (4th Cir. 2010); *United States v. Zelazurro*, 420 Fed. Appx 249 (4th Cir. Apr. 4, 2011). Here, the record before the Court illustrates that Cooper's sentence was contractual and not based on the Guidelines. This conclusion is best illustrated by the Government's explanation to the Court at sentencing of the basis for the 25-year stipulated sentence:

> The 25 years was just a negotiation. It had nothing to do with the guideline calculations. And the fact that it came out within the career offender guideline is just happenstance. The motivation in this case from the defendant had to be to avoid the multiple 924(c)s, because, as you know, if you have two of them, the first one, if it's brandished, is 7, the next one is 25, and the third one is 25 more, so that's 57 just on the guns before you even calculate the robberies. So guidelines and career offender have nothing to do with his plea.

ECF No. 84 at 35:7–17. Accordingly, because Cooper's 11(c)(1)(C) stipulated sentence was contractual in nature, it was not based on the Guidelines, as reflected in the record. His status as a career offender under the Guidelines is therefore not relevant to the basis for the sentence imposed. Hence, Cooper's counsel cannot be deemed to have acted unreasonably in failing to challenge his status as a career offender.

Furthermore, even if Cooper could meet his burden under *Strickland's* first prong, the Court concludes that he would still not be entitled to any relief on his first claim of ineffective assistance of counsel because he cannot meet *Strickland's* second prong, which requires that he show resulting prejudice from his counsel's unreasonable performance. Here, Cooper has not posited how a successful challenge to his career offender status would have affected the sentence received. Again, his sentence was the result of a 11(c)(1)(C) agreement, which was motivated by Cooper's desire to avoid

multiple § 924(c) convictions—not his career offender status. As the Court summarized at sentencing: "this was a negotiated plea based on [the] potential for a significantly longer sentence if the defendant was convicted on all counts." *Id.* at 35:20–24. Thus, even if he were to prevail on his challenge to his status as a career offender, he has not shown any resulting prejudice, *i.e.*, that he would have received a lower sentence than the 25 year sentence Cooper negotiated—and requested—pursuant to Rule 11(c)(1)(C).

Accordingly, because Cooper cannot establish either prong under *Strickland*, the Court concludes that the Government is entitled to summary judgment as to his first claim of ineffective assistance of counsel.

### B. Claim Two: Cooper Claims His Counsel Was Ineffective In Failing To Object To The Government's Alleged Breach Of The Plea Agreement.

#### i. Cooper's Claim

Cooper's second ineffective assistance of counsel claim asserts that he received constitutionally deficient representation because his counsel failed to object to the Government's purported breach of the parties' plea agreement. ECF No. 185–1. Specifically, Cooper states: "Petitioner received ineffective assistance of guilty plea counsel at sentencing when his attorney failed to lodge meritorious objections to the government's breach of the plea agreement; after the Court itself asked, 'was the government moving for a downward departure,' numerous times." *Id.* at 1. In essence, Cooper argues the Government breached the parties' plea agreement by failing to seek a downward departure at sentencing. For relief on this claim. Cooper requests that the "Court vacate his judgment and plea and [allow him to] plea anew before a different judge." *Id.* at 6.

### ii.    The Government's Response

In response, the Government states that Cooper's counsel was not ineffective in failing to object to the Government's alleged breach of the plea agreement because it did not in fact breach the plea agreement. ECF No. 191 at 21. In support of this assertion, the Government points to the terms of the parties' plea agreement which state, in effect, that a motion for downward departure is left solely to the discretion of the Government after a determination that Cooper has provided "substantial assistance." *Id.* Thus, because a motion for downward departure is solely within its discretion and not a mandatory condition of Cooper's plea, the Government asserts that he cannot establish a claim of ineffective assistance of counsel based on his counsel's failure to object to the Government's purported failure to seek a downward departure. *Id.*

### iii.    The Court's Analysis

The Court concludes that Cooper's has not established a claim of ineffective assistance of counsel with regard to his second claim because he cannot meet either prong of *Strickland*. The Court will address each prong in turn.

In order to establish *Strickland's* first prong, Cooper must first establish that the plea agreement was in fact breached by the Government's decision not seek a downward departure. To do this, Cooper "has the burden of showing by a preponderance of the evidence that the Government breached the plea agreement." *United States v. Westbrook*, 408 F. App'x 744, 746 (4th Cir. 2011). As noted, the determination of whether the defendant has provided substantial assistance is within the government's discretion. *Moultrie v. United States*, No. 2:10-CR-01197-DCN, 2015 WL 1280663, at *8 (D.S.C. Mar. 20, 2015) (citing *Westbrook*, 404 F. App'x at 746). "The

filing of a motion for sentence reduction based on substantial assistance provided by a defendant is within the Government's sole discretion." *United States v. Henson*, 468 F. App'x 229, 230 (4th Cir. 2012). A Court may remedy the Government's failure to move for a downward departure if (1) "the government obligated itself to move for a reduction under the terms of the plea agreement," or (2) "the government's refusal to move for a reduction was 'based on an unconstitutional motive' or 'was not rationally related to any legitimate Government end[.]'" *Id.* (citing *United States v. Conner*, 930 F.2d 1073, 1076 (4th Cir.1991); *Wade v. United States*, 504 U.S. 181, 185–86 (1992); *United States v. Butler*, 272 F.3d 683, 686 (4th Cir.2001)).

Here, Cooper's plea agreement states:

Provided the Defendant cooperates pursuant to the provisions of this Plea Agreement, and that cooperation is deemed by the Government as providing substantial assistance in the investigation or prosecution of another person who has committed an offense, the Government agrees to move the Court for a downward departure . . . the Defendant further understands that any such motion by the Government is not binding upon the Court . . .

ECF No. 56 at ¶ 11. Clearly, the language of the plea agreement did not create an enforceable obligation on the part of the Government to seek a downward departure. Rather, under its terms, the Government had the sole discretion to determine whether Cooper's cooperation rose to the level of "substantial assistance," warranting a motion for a downward departure. The record before the Court fails to show that that Cooper provided substantial assistance, and although Cooper asserts that he cooperated with the Government, he does not allege that he provided "substantial assistance." "Additionally, the plea agreement did not obligate the Government to move for such a departure, and there is no evidence that the Government refused to make such a

motion based on any unconstitutional motive." *Westbrook*, 408 F. App'x at 746 (citing *Wade v. United States*, 504 U.S. 181, 185–86 (1992) (holding that defendant must make substantial threshold showing of improper motive to obtain review of Government's decision not to move for substantial assistance departure)). Thus, the Court finds no breach of the plea agreement based on the Government's discretionary decision not to seek a downward departure. Accordingly, because Cooper cannot show that the Government breached the parties' plea agreement, he cannot establish that his counsel acted unreasonably in failing to challenge the Government's alleged breach.

Additionally, even if the Court were to assume Cooper's counsel acted unreasonably, it concludes that Cooper cannot establish *Strickland's* second prong of showing that he was prejudiced by his counsel's unreasonableness. This is because, even if the Government had moved for a downward departure, the Court is under no obligation to grant such a motion. The Government noted this in Cooper's plea agreement, which states: "The Defendant further understands that any such motion by the Government is not binding upon the Court . . . ." ECF No. 56 at ¶ 11. Further, at Cooper's change of plea hearing, the Court explained to him that it was not bound by a motion for a downward departure:

> You do have cooperation language in your plea agreement. If you successfully cooperate, the government may, if it chooses to do so, file a motion asking me to reduce your sentence based on that cooperation. I will tell you that I often grant those motions if they are filed. But if I have a valid reason not to grant the motion, if I choose not to grant the motion for a valid reason, you will still be bound by your plea and have no right to withdraw it.

ECF No. 83 at 21:8–16. Based on this language, the Court concludes that Cooper "was not prejudiced by counsel's conduct because he was informed prior to entering his guilty

plea that it is solely within the Government's discretion to file a substantial assistance motion." *McGee v. United States*, No. 6:11-CR-2026-GRA-5, 2013 WL 4434382, at *4 (D.S.C. Aug. 15, 2013). Furthermore, "[t]he record reveals that [Cooper] was also aware that such a motion would not be binding upon the Court." *Id.* Accordingly, where, as here, a petitioner cannot establish that he was entitled to a downward departure he also cannot establish that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different," and accordingly, he cannot satisfy the second prong of *Strickland.* His second claim of ineffective assistance counsel is thus subject to dismissal, and the Government is entitled to summary judgment.

C.    <u>Claim Three: Cooper Claims His Counsel Was Ineffective In Failing To Object To The Court's Purported Failure To Comply With *Rogers* When Imposing The Term Of Cooper's Supervised Release.</u>

i.    **Cooper's Claim**

Cooper's second ineffective assistance of counsel claim asserts that he received constitutionally deficient representation because his counsel "failed to lodge a meritorious objection when the Court failed to pronounce orally the thirteen discretionary standard conditions imposed on Petitioner's supervised release under 18 U.S.C. § 3583(d), in violation of *Rogers*, 961 F.3d 291." ECF No. 187–1 at 2.

ii.    **The Government's Response**

In response, the Government states that there is no basis to support Cooper's claim that his counsel was ineffective for failing to lodge an objection to the Court's failure to pronounce orally the thirteen discretionary standard conditions imposed on his term of supervised release. ECF No. 191 at 23. In support of this argument, the

Government directs the Court to the Fourth Circuit's recent opinion in *United States v. Cisson*, 33 F.4th 185 (2022), which clarifies the Fourth Circuit's holding in *United States v. Rogers*, 961 F.3d 291, 296 (4th Cir. 2020).

### iii.   The Court's Analysis

In order to proceed to evaluating his claim that his counsel was ineffective, Cooper must first establish that the Court's failure to pronounce orally the thirteen discretionary standard conditions imposed on his term of supervised release was in violation of the Fourth Circuit's opinion in *United States v. Rogers*. For the following reasons, the Court concludes that it was not. Hence, Cooper cannot meet his burden of establishing a claim of ineffective assistance of counsel.

In *Rogers*, the Fourth Circuit held that district courts must announce all discretionary conditions of supervised release at a defendant's sentencing hearing. 961 F.3d at 296. A district court may "satisfy its obligation to orally pronounce discretionary conditions through incorporation—by incorporating, for instance, all Guidelines 'standard' conditions when it pronounces a supervised-release sentence, and then detailing those conditions in the written judgment." *Id.* at 299. As relevant here, the Court made the following pronouncement at Cooper's sentencing regarding the standard conditions of his supervision: "While on supervised release, the defendant shall comply with the mandatory and standard conditions of supervision outlined in Title 18, United States Code, Section 3583(d)." ECF No. 84 at 45:2–5. Thus, the Court incorporated the "all Guidelines 'standard' conditions when it pronounce[d] its supervised-release sentence . . . ." *Rogers*, 961 F.3d at 299.

Moreover, as the Government points out, Cooper's third claim is foreclosed by the Fourth Circuit's holding in *Cisson*. In *Cisson*, a case with similar facts and also in the District of South Carolina, the court stated at the defendant's sentencing "that it would impose the 'mandatory and standard conditions' of supervised release." 33 F.4th at 194 (emphasis omitted). On appeal, the defendant asserted this statement did not comply with the holding in *Rogers*. *Id.* In reviewing the district court's statements at sentencing, the Fourth Circuit explained that *Rogers* makes clear that a court may satisfy its pronouncement obligation through incorporation of a set of conditions, like the Guidelines "standard" conditions. *Id.* at 194; *see Rogers*, 961 F.3d at 299. The *Cisson* court then observed that the District of South Carolina has no standing order listing supervised release conditions that differ from the standard conditions in the Guidelines. *Id.*; *see* U.S. Sentencing Guidelines Manual § 5D1.3(c), p.s. (2021). "Thus, there [wa]s no other set of 'standard' conditions to which the court could have been referring other than the Guidelines 'standard' conditions." *Cisson*, 33 F.4th at 194. Accordingly, "an oral reference to 'standard conditions'—without more—was sufficiently clear to accomplish that incorporation [established by *Rogers*] . . . in a district like the District of South Carolina, which does not have a standing order listing a different set of 'standard' conditions that might cause confusion. *United States v. Limbaugh*, No. 21-4449, 2023 WL 119577, at *2 (4th Cir. Jan. 6, 2023) (citing *Cisson*, 33 F.4th at 194).

Here, Cooper, like the defendant in *Cisson*, was sentenced in the District of South Carolina. "That means there is no district-wide standing order governing supervised release with its own set of "standard" conditions." *Id.* Therefore, at Cooper's sentencing, when the Court "orally incorporated by reference the 'standard conditions'

of supervised release, it incorporated the Guidelines standard conditions, because 'there is no other set of 'standard' conditions to which the court could have been referring.'" *Id.* (quoting *Cisson*, 33 F.4th at 194). Hence, for the reasons set forth in *Cisson*, Court complied with *Rogers* at Cooper's sentencing by orally incorporating the standard conditions of supervision as outlined in § 3583(d). *See id.*; *see also United States v. Mackey*, No. 22-4390, 2023 WL 8183306, at *1 (4th Cir. Nov. 27, 2023); *United States v. Williams*, No. 18-4926, 2023 WL 4181231, at *1 (4th Cir. June 26, 2023); *United States v. Wright*, No. 19-4889, 2023 WL 3378980, at *1 (4th Cir. May 11, 2023); *United States v. Chance*, No. 20-4525, 2023 WL 2784869, at *1 (4th Cir. Apr. 5, 2023).

Because the Court did not err in imposing the conditions of Cooper's supervision, there was no legal basis for Cooper's counsel to file an objection. As a result, Cooper is unable to establish either that his counsel's performance was constitutionally deficient or that he was prejudiced by his counsel's performance. He therefore cannot meet his burden under *Strickland*. Hence, the Court concludes that the Government is entitled to summary judgment as to Cooper's third claim of ineffective assistance of counsel.

## <u>EVIDENTIARY HEARING</u>

Section 2255 provides that:

> Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall...grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto.

28 U.S.C. § 2255. *see also United States v. O'Quinn*, 166 F. App'x. 697, 698 (4th Cir. 2006) ("Unless it is clear from the record, as expanded, that the prisoner is not entitled to relief, § 2255 makes an evidentiary hearing mandatory."). As described above, the Court finds the current record is clearly sufficient to dispose of all of Cooper's claims.

The record "conclusively show[s] that [Cooper] is entitled to no relief." Therefore, an evidentiary hearing is unnecessary.

In summary, this case is not complicated factually or legally. None of Cooper's three claims of ineffective assistance of counsel establish either: (1) that the sentence was imposed in violation of the Constitution or laws of the United States; (2) that the court was without jurisdiction to impose such sentence; (3) that the sentence exceeded the maximum authorized by law; or (4) that the sentence is otherwise subject to collateral attack. The record before the Court is clear that, on all three claims, Cooper cannot establish either prong of the *Strickland* analysis. No issue of fact exists on the record before the Court. Hence, the Government is entitled to judgment as a matter of law.

## CERTIFICATE OF APPEALABILITY

The Court has reviewed Cooper's petition in accordance with Rule 11 of the Rules Governing Section 2255 Proceedings. For the Court to issue a certificate of appealability, Cooper must satisfy the requirements of 28 U.S.C. § 2253(c)(2), which, in turn, requires that he "ma[ke] a substantial showing of the denial of a constitutional right." The Court concludes that he has not made such a showing, and it is therefore not appropriate to issue a certificate of appealability as to the issues raised by Cooper. He is advised that he may seek a certificate from the Fourth Circuit Court of Appeals under Rule 22 of the Federal Rules of Appellate Procedure.

## CONCLUSION

For the reasons stated, Cooper's petition for relief pursuant to § 2255, ECF Nos. 103. 113, 185 & 187, is denied. The Court grants the Government's motion for summary

judgment, ECF No. 191. Further, the Court also denies a certificate of appealability because Cooper has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This action is therefore dismissed.

      **IT IS SO ORDERED**.

                                        *s/ Terry L. Wooten*
                                        Terry L. Wooten
                                        Senior United States District Judge

January 8, 2024
Columbia, South Carolina